IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HSI, INC.<br>104 County Road 157<br>Riceville, TN 37370<br>　　　　Plaintiff,<br>v.<br><br>48 STATES TRANSPORT LLC<br>820 West Landstreet Road<br>Orlando, FL 32824<br>　　and<br>NORTH AMERICAN RISK SERVICES, INC.<br>240 E Central Pkwy<br>Altamonte Springs, FL 32701<br>　　　　Defendants. | CIVIL ACTION<br><br>NO:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### PARTIES

1. Plaintiff HSI, Inc. ("HSI"), is a Tennessee registered corporation with a principal place of business at 104 County Road 157, Riceville, TN 37370.

2. Defendant 48 States Transport LLC ("48 States") is, upon information and belief, a Florida registered limited liability company with a place of business at 820 West Landstreet Road, Orlando, FL 32824.

3. Defendant North American Risk Services, Inc. ("NA Risk") is, upon information and belief, a Florida registered corporation with a place of business at 240 E Central Pkwy, Altamonte Springs, FL 32701.

### VENUE

4. Venue in the Middle District of Pennsylvania is proper because the accident that forms the basis of this action occurred in Lewisburg, PA.

5.  Moreover, the Defendants each have sufficient contacts with the Middle District of Pennsylvania to provide the Court with jurisdiction over this matter.

## FACTUAL BACKGROUND

6.  On or about March 26, 2018, Plaintiff HSI purchased a 2015 Freightliner truck (the "Truck") for $102,508.94. A true and correct copy of the Bill of Sale is attached hereto and made a part hereof as Exhibit "A."

7.  Plaintiff HSI purchased the truck for use in the company's vacuum truck business.

8.  In order to make the Truck fully compatible with HSI's intended use of the Truck, Plaintiff HSI contracted with Pik Rite, Inc. of Lewisburg, PA ("Pik Rite"), whereby Pik Rite would install the required tanks and vacuums on the Truck at their location. A true and correct copy of the Pik Rite Tank Sales Order is attached hereto as Exhibit "B".

9.  The Pik Rite work had an estimated completion date of May 31, 2018. *See,* Exh. "B" at page 2.

10. As Pik Rite was a substantial distance from HSI's location, HSI hired a "drive away" company to deliver the Truck to Pik Rite for the installation of the requisite vacuum equipment.

11. However, on May 4, 2018, while the Truck was in route to Pik Rite, the Truck was involved in a major motor vehicle accident with the drivers of a separate truck driven by Defendant 48 States (the "Accident"). A true and correct copy of the Police Report from the accident is attached hereto as Exhibit "C".

12. The Police Report details the specifics of the Accident, and fully apportioned blame for the accident to 48 States. *See,* Exh. "C".

13. The Accident caused significant damage to Plaintiff HSI's Truck.

14. Specifically, the accident has resulted in over $42,000.00 in damage to the Truck, as

well as reducing its value, and has caused HSI to lose significant business.

15. Moreover, the extensive damages and lengthy repairs have resulted in Plaintiff HSI losing months of revenue from the operation of the Truck.

16. While Plaintiff HSI's Truck was to have been put in service by June 2018, as of the date of this Complaint, the Truck is still not operational nor generating any revenue for HSI.

17. While Plaintiff HSI's own insurance company, Grange Mutual Casualty Company ("Grange") paid $42,190.01 for repairs to the Truck, and the $7,100.00 storage and towing bill, and is upon information and belief is seeking subrogation of the sums it incurred, Plaintiff HSI has been further damaged due to its (1) loss in value of the Truck; (2) its lost profits and the business interruption for not having use of its Truck; (3) its attorney's fees and costs incurred; and (4) statutory punitive damages.

18. These items are not payable to Plaintiff HSI through its Grange insurance policy, nor are such amounts able to be subrogated by Grange.

19. At the current time, Plaintiff HSI values its non-reimbursed loss from the accident (plus attorney's fees, costs and statutory damages) and damages as follows:

| | |
|---|---|
| Diminished Value of Truck | $ 44,550.00 |
| Lost Revenue ($1,500 per day 5/4/18 – 2/25/19) | 445,500.00 |
| TOTAL | $490,050.00 |

20. Plaintiff HSI has made a demand on all Defendants for the payment of its damages; however, all of the Defendants have failed and refused to make Plaintiff HSI whole.

21. As an intended Third-Party Beneficiary of Defendant 48 States' insurance policy with NA Risk (the "Insurance Policy"), Plaintiff HSI's damages in this matter should be covered by Defendant NA Risk's contractual obligations due under its issued Insurance Policy.

22. Accordingly, Plaintiff HSI files this action in order to recover the damages it is due from the various Defendants as a result of the actions of the Defendants.

### COUNT I – NEGLIGENCE
### AGAINST 48 STATES, ONLY

23. Plaintiff HSI incorporates the foregoing paragraphs as though set forth at length herein.

24. Defendant 48 States was solely responsible for the damage to the Truck as a result of the Accident.

25. But for the actions of Defendant 48 States, Plaintiff HSI would not have incurred the non-reimbursed damages, including (1) the loss in value of the Truck; (2) its lost profits and the business interruption for not having use of its Truck; and (3) its payment of its attorney's fees and costs incurred.

26. As a result of Defendant 48 States' negligent actions in causing the Accident, Plaintiff HSI has sustained significant damages.

WHEREFORE, Plaintiff HSI, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Defendant 48 States Transport, LLC in an amount in excess of $75,000.00, plus attorney's fees, costs of suit, and such other relief that this Honorable Court deems just and proper.

### COUNT II – BREACH OF CONTRACT (THIRD PARTY BENEFICIARY)
### AGAINST NA RISK

27. Plaintiff HSI incorporates the foregoing paragraphs as though set forth at length herein.

28. The Insurance Policy issued by Defendant NA Risk requires Defendant NA Risk to pay for the damages which Plaintiff HSI has sustained due to the Accident caused by NA Risk's

insured.

29. However, despite demand being made, Defendant NA Risk has failed and refused to pay Plaintiff HSI for the damages which Defendant 48 States caused and which damages were directly related to the Accident.

30. Despite being contractually required to pay Plaintiff HSI as a third-party beneficiary of the Insurance Policy for the damages which Defendant 48 States caused, Defendant NA Risk has failed and refused to pay for said damages.

31. The failure and/or refusal of Defendant NA Risk to pay for the full and complete damages which its insured caused to Plaintiff HSI constitutes a breach of the Insurance Policy.

32. As a result of the actions of Defendant NA Risk, Plaintiff HSI has suffered damages that exceed $75,000.00.

WHEREFORE, Plaintiff HSI, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Defendant North American Risk Services, Inc., in an amount in excess of $75,000.00, plus attorney's fees, costs of suit, and such other relief that this Honorable Court deems just and proper

### COUNT III – INSURANCE BAD FAITH
### AGAINST NA RISK

33. Plaintiff HSI incorporates the foregoing paragraphs as though set forth at length herein.

34. The Insurance Policy issued by the Defendant NA Risk requires it to pay for the damages caused by its insured Defendant 48 States.

35. Plaintiff has sent a demand letter to Defendant NA Risk seeking to be compensated for its insured's negligent acts.

36. Plaintiff HSI has been harmed by Defendant 48 States' actions and requires its insurer NA Risk to pay for all damages Plaintiff has and continues to suffer as a result of Defendant 48 States' actions.

37. Pursuant to the terms of the Insurance Policy (and as a third party beneficiary of the Insurance Policy), Defendant NA Risk has a duty to compensate Plaintiff HSI for the harm it sustained from Defendant's insured's improper actions.

38. Defendant NA Risks' refusal to compensate Plaintiff HSI for the amounts due and owing to it due to Defendant NA Risk's insured's actions is unfounded.

39. Defendant NA Risks' refusal to compensate Plaintiff HSI for the amounts due and owing to it for damages directly caused by Defendant NA Risk's insured pursuant to the issued Insurance Policy is in bad faith.

40. Defendant NA Risk knew, or recklessly disregarded the fact that it had no reasonable basis for refusing to compensate Plaintiff HSI for the amounts due and owing to it, which was directly caused by Defendant NA Risk's insured, pursuant to the issued Insurance Policy as a third-party beneficiary.

41. Despite its knowledge that it had no reasonable basis for refusing to compensate Plaintiff HSI for the amounts due and owing to it due to Defendant 38 States' actions, Defendant NA Risk has refused to compensate Plaintiff HSI for the amounts due and owing under the Insurance Policy.

42. Plaintiff HSI has been damaged by Defendant NA Risks' bad faith.

43. In addition to the actual damages incurred by Plaintiff HSI, Defendant NA Risks' bad faith entitles Plaintiff HSI to punitive damages, interest on the amount of the claim in the amount of prime plus three percent (3%), and attorney's fees and costs pursuant to 42 Pa.C.S.A. § 8371.

WHEREFORE, Plaintiff HSI, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Defendant North American Risk Services, Inc. in an amount in excess of $75,000.00, plus punitive damages, interest, attorney's fees and costs, and any other relief that this Honorable Court deems just and proper.

BERGER LAW GROUP, P.C.

Dated: 2/28/19     BY: _____
                        PHILLIP D. BERGER, ESQUIRE