# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HSI, INC.,** | : | Civil No. 4:19-CV-352 |
| **Plaintiff** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **48 STATES TRANSPORT, LLC, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

### I. Statement of Facts and of the Case

This vehicular accident case comes before us for resolution of a discovery dispute and motion to compel. (Doc. 31). The plaintiff, HSI, has propounded a series of interrogatories upon the defendant aimed in part at identifying any technology in the defendant's truck which would have recorded events at the time of this accident, including such matters as the truck's speed and whether brakes were applied prior to the collision. The defendant's response to these interrogatories simply refers the plaintiff generally to the deposition testimony of several witnesses without adding further detail responsive to the specific interrogatories. Deeming this response inadequate, HSI has moved to compel more fulsome responses to these interrogatories. (Doc. 31). This motion is fully briefed by the parties and is,

1

therefore, ripe for resolution. (Docs. 31-33).[1]

For the reasons set forth below, the motion will be GRANTED.

**II.    Discussion**

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be

---

[1] The defendant's response to this motion to compel suggests, in part, that the parties exceeded the number of interrogatories authorized by the court in its case management order. This may be so, but it also appears that the parties mutually agreed to the submission of additional interrogatories. Therefore, while the better course may have been to gain the court's imprimatur on this extension of discovery limitations, we will not deny the motion to compel on these grounds.

2

discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Therefore, a court's decisions regarding the conduct of discovery, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). Likewise, discovery sanction decisions rest in the sound discretion of the court. Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 134 (3d Cir. 2009). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a

magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. For example, case law has defined for us what is an adequate response to an interrogatory in a situation such as this where a party has responded to interrogatories by simply making general references to prior deposition testimony. As we have observed in the past:

> In some instances, courts within the Third Circuit have held that referring a party to deposition transcripts and pleadings in response to an interrogatory is not proper. See, e.g., Collier v. Ecolab, Inc., No. 95–7486, 1996 U.S. Dist. LEXIS 4554, 1996 WL 171536, at *1 (E.D. Pa. Apr. 10, 1996) ("Answers to interrogatories should be complete and should not refer to other documents such as pleadings or depositions"); DiPietro v. Jefferson Bank, 144 F.R.D. 279, 282 (E.D. Pa. 1992) ("reference to sworn deposition testimony is an insufficient response to an interrogatory"). There may also be instances where reference to deposition testimony may provide an adequate response, provided that the responding party refers the discovering party to relevant pages of a deposition or other document that provides a responsive answer. See, e.g., Chiaradonna v. Rosemont College, No. 06–1015, 2007 U.S. Dist. LEXIS 21202, at *4, 2007 WL 925897 (E.D. Pa. Mar. 23, 2007) (concluding that answering interrogatory with citation to deposition testimony was appropriate where much of the information sought was discussed at the deposition, but directing the responding party to

4

supplement responses to provide specific reference to relevant pages of deposition testimony).

Susquehanna Commercial Fin., Inc. v. Vascular Res., Inc., No. 1:09-CV-2012, 2010 WL 4973317, at *8 (M.D. Pa. Dec. 1, 2010).

Guided by these principles, we find that the general deposition references provided by the defendant in this case in response to those interrogatories which sought information concerning the existence of specific technical data regarding this accident are not sufficient. Therefore, the defendant will be directed to supplement these responses by providing specific answers to those questions which seek technological data relating to this accident, or by attesting that no such data exists. To the extent that the prior depositions provided this specific technological data, the defendant shall, at a minimum, direct the plaintiff to the relevant pages of the depositions which provided answers to these interrogatories, and otherwise respond to the interrogatories or attest that no further information exists.

An appropriate order follows:

### III. <u>Order</u>

AND NOW, this 3rd day of December 2019, pursuant to Rule 37 of the Federal Rules of Civil Procedure and in accordance with the foregoing Memorandum, IT IS ORDERED that the plaintiff's Motion to Compel (Doc. 31), is GRANTED and the defendant is directed to supplement these responses by

providing specific answers to those questions which seek technological data relating to this accident, or by attesting that no such data exists, within the next 30 days.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge