# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HSI, INC.,** | : | Civil No. 4:19-CV-352 |
| **Plaintiff** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **48 STATES TRANSPORT, LLC, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

### I.  Statement of Facts and of the Case

This vehicular accident case comes before us for resolution of a motion to compel the deposition testimony of a non-party witness, John Anderson. (Doc. 42). HSI seeks to compel Mr. Anderson's testimony as part of a lawsuit in which HSI alleges it purchased a 2015 Freightliner truck at part of its business in March of 2018, paying $102,508.94 for this vehicle. (Doc. 1 ¶ 6). According to HSI, on May 4, 2018, this truck was extensively damaged in an accident due to the negligence of a truck driver employed by 48 States. (Id. ¶ 11-14). HSI alleges that this accident resulted in some $42,000 in damage to its vehicle, and an additional lost revenue of $445,500 for the period from May 2018 through February 2019 when this vehicle was out of commission. (Id. ¶ 19).

According to the plaintiff's motion to compel, John Anderson, who was employed by a company that transported vehicles for others, was the driver of the plaintiff's truck when it was struck by a vehicle belonging to 48 States. (Doc. 42 ¶ 2). Therefore, HSI sought to obtain Anderson's sworn account of this accident. Towards that end, HSI served a subpoena upon Anderson at 143 Ely Street, Alliance, Ohio, pursuant to Rule 45 of the Federal Rules of Civil Procedure. (Id., Exs. A and B). That subpoena called upon Anderson, who is apparently an Ohio resident, to travel to the plaintiff's law office in Rosemont, Pennsylvania to testify on December 16, 2019. Rosemont, Pennsylvania is located in Eastern Pennsylvania and appears to be more than 350 miles from Anderson's residence in Alliance, Ohio.

While we stand ready to try to assist the parties in endeavoring to secure the testimony of Mr. Anderson, as discussed below, we believe that there are several legal impediments which prevent us from enforcing this subpoena in its current form. Therefore, we will deny this motion without prejudice to the parties attempting to utilize other means to secure this testimony.

**II.  Discussion**

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 45 of the Federal Rules of Civil Procedure governs subpoenas for non-party witnesses like Mr. Anderson. With respect to the territorial

scope of a subpoena, Rule 45 provides the following:

> **(c) Place of Compliance.**
> **(1)** *For a Trial, Hearing, or Deposition*. A subpoena may command a person to attend a . . . deposition only as follows:
> **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]

Fed. R. Civ. P. 45(c)(1)(A).

In this case, the subpoena served upon Mr. Anderson indicates that he resides in Alliance, Ohio. HSI's complaint suggests that Anderson worked for a "drive away" company that transported vehicles for third parties which was also located in Alliance, Ohio. (Doc. 1, Ex. C). Alliance, Ohio, in turn, is located some 350 miles from Rosemont, Pennsylvania, the site of the deposition chosen by the parties in this subpoena. Since it appears on the face of these pleadings that the location for the deposition listed on this subpoena is not within 100 miles of where Mr. Anderson resides, is employed, or regularly transacts business in person, we do not believe that we could compel compliance with this subpoena in its current form. Instead, we recommend that the parties re-issue a subpoena to Anderson scheduling this deposition on a mutually convenient date and time at a location which falls within 100 miles of where Mr. Anderson resides, is employed, or regularly transacts business in person and is, therefore, within the territorial reach of a subpoena under

Rule 45. Should Mr. Anderson then fail to comply with this subpoena, the courts could take action to enforce the subpoena.[1]

An appropriate order follows.

### III. Order

AND NOW, this 2d day of January 2020, IT IS ORDERED that the Plaintiff's Motion to Compel (Doc. 42), is DENIED without prejudice.

<i>S/Martin C. Carlson</i><br>
Martin C. Carlson<br>
United States Magistrate Judge

---

[1] For the benefit of the parties we note that a request to compel compliance with a Rule 45 subpoena that is served upon someone who resides in a remote location is typically made in the court for the district where compliance is required, Rule 45(d)(1), although that court may upon a finding of exceptional circumstances transfer the subpoena enforcement action to the issuing court. Rule 45(f).