Attorneys for Plaintiff

Phillip D. Berger, Esquire

Attorneys for Defendant

Michael S. Saltzman, Esquire

Attorneys for Third Party Defendants

Susan Lawless, Esquire

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HSI, INC.<br>　　　　　　　Plaintiff,<br>　v.<br>48 STATES TRANSPORT LLC<br>　　　　　　Defendant/Third Party Plaintiff,<br>　　v.<br>JOHN H. ANDERSON, US COACH SALES LEASING, LTD., and FAB RECOVERY LLP<br>　　　　　　Third Party Defendants. | **No. 4:19-cv-00352-MWB** |

**AMENDED JOINT CASE MANAGEMENT PLAN**

　　Instructions:   In many cases there will be more parties in the action than there are spaces provided in this form.   Each party shall provide all requested information.   If the space on this form is not sufficient, the form should be retyped or additional pages attached.

　　No party may submit a separate Case Management Plan.   Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

　　Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

(Revised 06/2017)

**1. Principal Issues**

    1.1    Separately for each party, please give a statement summarizing this case:
           By plaintiff(s):

Plaintiff HSI filed this action against Defendant 48 States Transport LLC ("48 States"), seeking recovery for lost business revenue and other damages sustained by Plaintiff due to an accident that occurred when Defendant 48 States' tractor trailer struck Plaintiff HSI's new truck from behind. The accident caused serious and significant damage to Plaintiff's new truck, and kept the new truck from being put in service due to the significant required repairs over an 8 month period.

Defendant 48 States then filed a Third-Party Complaint against Third Party Defendants John H. Anderson ("Anderson"), US Coach Sales Leasing, LTD ("US Coach"), and FAB Recovery LLP ("FAB Recovery").

By way of background, on or about March 26, 2018, Plaintiff HSI purchased a 2015 Freightliner truck (the "Truck") for use in the company's mobile septic vacuum business. In order to make the Truck fully compatible with HSI's intended use of the Truck, Plaintiff HSI contracted with Pik Rite, Inc. of Lewisburg, PA ("Pik Rite"), to install the required tanks and vacuums on the Truck at Pik Rite's location.

US Coach, who allegedly does business as FAB Recovery, was hired as the "drive away" company to deliver the Truck to Pik Rite's location for the installation of the requisite vacuum equipment. Upon information and belief, FAB Recovery hired Defendant Anderson to drive the Truck to Pik Rite.

On May 4, 2018, while the Truck was in route to Pik Rite, the Truck was involved in a major motor vehicle accident when it was hit from behind by a truck driven by Defendant 48 States (the "Accident"). The Police Report details the specifics of the Accident.

The Accident caused significant damage to Plaintiff HSI's Truck, which has resulted in the reduction in the Truck's value, the loss of significant business to Plaintiff, required payments and costs incurred by Plaintiff while the Truck was not in service, and additional maintenance costs now being incurred by Plaintiff due to the damaged new Truck.

During a deposition of Mr. Anderson, held on July 14, 2020, Mr. Anderson stated that the Third Party Defendants' US Coach/FAB Recovery lead vehicle encountered mechanical issues, which prevented the lead vehicle from achieving highway speeds. Mr. Anderson stated that while he was attempting to merge onto Interstate 80, the lead vehicle slowed considerably, forcing Mr. Anderson to slow down Plaintiff's truck since there was no room for Mr. Anderson to get around the lead vehicle. Mr. Anderson stated that while these issues were occurring, he had the hazard lights on the Plaintiff's Truck illuminated and blinking, and that the Plaintiff's Truck had not experienced any mechanical issues. Mr. Anderson further testified that despite the fact that the Plaintiff's Truck was almost entirely out of the lane of traffic, and despite the fact that the Plaintiff's Truck had its hazard lights on and blinking, that Defendant 48 States' truck struck him

from behind at almost full speed, which then caused Mr. Anderson and Plaintiff's Truck to bounce off the guard rails, and caused severe damage to the Plaintiff's Truck.  Mr. Anderson testified that he believed that Defendant 48 States, whose truck hit him from behind, was entirely at fault in this matter.

Following Mr. Anderson's testimony, Defendant 48 States then filed a third-party complaint against the Third-Party Defendants, and Plaintiff has asserted a cross claim against Third Party Defendants Anderson, US Coach and FAB Recovery.

While Plaintiff HSI does not take any position regarding which Defendant is ultimately responsible for this Accident and for the damages suffered by Plaintiff HSI,  Plaintiff HSI is seeking the non-reimbursed damages it has incurred, including, but not limited to, (1) the loss in value of the Truck; (2) its lost profits from the business interruption due to not having use of its Truck; (3) payments made on the Truck for the numerous months while being repaired; (4) the increased maintenance and repairs now required for the Truck; and (5) the payment of its professional fees and costs incurred in this matter

By defendant(s):

It is denied that any agents and/or employees of Defendant 48 States Transport, LLC ("48 States") negligently caused the alleged May 4, 2018 accident involving a truck owned and/or controlled by Plaintiff HSI, Inc.  In fact, Magisterial District Judge Kelley Gillette-Walker previously determined the driver of 48 States' vehicle, Ciro Tabera Mayor, was not guilty of the charge for Careless Driving. Furthermore, the extent of Plaintiff's alleged damages for lost profits, business interruption, and lost value of its vehicle is in dispute.  Strict proof thereof is demanded at the time of trial.

The Court has dismissed Plaintiff's claims against North American Risk Services for Bad Faith and Breach of Contract fail as a matter of law. In addition, Plaintiff's claims for attorney's fees are dismissed.

By Third Party Defendant(s):

Third Party Defendants deny liability for the accident. Neither operator for Third Party Defendants was cited as related to the accident in which the HSI vehicle driven by John Anderson was rear-ended by the 48 States vehicle. Third Party Defendants further dispute the extent of Plaintiff's alleged damages for lost profits, business interruption, and lost value of its vehicle. Strict proof thereof is demanded at the time of trial. Plaintiff is not entitled to attorneys' fees in this matter.

Specifically, on May 4, 2018, in broad daylight and under dry roadway conditions, a tractor-trailer driven by Ciro Tabera Mayor in the course of his employment with Defendant/Third-Party Plaintiff, 48 States Transport, LLC slammed into the rear of the Freightliner. The great force of the crash sent the 48 States' truck careening into the median where it burst into flames.

Video from the interior of Tabera's cab captures the dramatic footage of the crash.

Anderson testified that his lead vehicle had been having some mechanical issues with acceleration the night before the accident. The operator of the lead vehicle (Anderson's brother, Kenneth) had performed some maintenance work on it and added fuel additives, which apparently solved the issue. The next day, after about 15-20 miles[1] of highway driving, while merging from Interstate 99 to Interstate 80, Kenneth's vehicle had trouble accelerating from the on ramp. After traveling over an overpass shortly after the on-ramp tapered onto I-80, the lead vehicle pulled over. Anderson, with Plaintiff's vehicle, attempted to pull over to stay with his lead vehicle. Before he could fully exit the right lane of traffic, Defendants' vehicle struck the left rear side of Plaintiff's truck, causing extensive damage.

---

    1.2    The facts the parties <u>dispute</u> are as follows:

There is a factual dispute as to whether an agent and/or employee of 48 States and/or the Third Party Defendants negligently caused the subject accident. In addition, Plaintiff's alleged damages are in dispute.

48 States and the Third Party Defendants also dispute who is liable for the accident and the resulting alleged damages.

<u>agree</u> upon are as follows:

The parties agree that there was an accident between Plaintiff's Truck and Defendant 48 States truck, and that Plaintiff's Truck was being driven by the Third Party Defendants at the time of the accident.

    1.3    The legal issues the parties <u>dispute</u> are as follows:

Whether 48 States and/or the Third Party Defendants were the negligent party who caused the Accident, that severely damaged Plaintiff's Truck and caused the Plaintiff's damages.

The amount of Plaintiff's alleged damages.

agree upon are as follows:

Unknown at this time.

---

[1] Google Maps shows that the Andersons were driving from State College on Interstate 99 for about 12 miles to reach Interstate 80.

1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

1.5    Identify any named parties that have not yet been served:

None.

1.6    Identify any additional parties that:

plaintiff(s) intends to join:

None at this time.

defendant(s) intends to join:

None at this time.

Third Party Defendant(s) intends to join:

None at this time.

1.7    Identify any additional claims that:

plaintiff(s) intends to add:

None at this time.

defendant(s) intends to add:

None at this time.

Third Party Defendant(s) intends to join:

None at this time.

**2.0    Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by <u>Plaintiff</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| <u>Trisha Harbin</u> | <u>Owner of HSI Inc.</u> |

Disclosed by <u>Defendant</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| <u>Ciro Tabera Mayor</u> | <u>Former employee</u> |
| <u>Officer Kelley Chambers</u> | <u>Police Officer</u> |
| <u>John Anderson</u> | <u>Employee of Plaintiff</u> |

Disclosed by Third Party Defendants:

**3.0   Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| Summary Judgment | Unknown at this time | N.A. |

**4.0   Discovery**

4.1   Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):
Discovery has been concluded.

By defendant(s):

Discovery has been concluded.

By Third Party Defendant(s):

Discovery has been concluded.

4.2 Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Discovery has been concluded.

4.3 Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

Discovery has been concluded.

4.4 Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

Discovery has been concluded.

4.5 For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

    4.5.1 depositions (excluding experts) to be taken by:

        **Discovery has been concluded.**

        plaintiff(s):_____    defendant(s):_____

    4.5.2 interrogatories to be served by:

        plaintiff(s):_____    defendant(s):_____

    **Discovery has been concluded.**

    4.5.3 document production requests to be served by:

    **Discovery has been concluded.**

        plaintiff(s):_____    defendant(s):_____

    4.5.4 requests for admission to be served by:

        **Discovery has been concluded.**

plaintiff(s):_____    defendant(s):_____

4.6   Discovery of Electronically Stored Information

     9 Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

     9 Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0   Protective Order**

5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order.   Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

     None at this time.

5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

     None at this time.

**6.0   Scheduling**

6.1   Final date for joining additional parties:

     N/A

6.2   Final date for amending pleadings:

     N/A

6.3   All fact discovery commenced in time to be completed by:

     **Discovery has been concluded as of June 23, 2021, with Defendant serving its response to the discovery requests of Third-Party Defendants.**

6.4    All potentially dispositive motions should be filed by **- September 30, 2021.**

6.5    Reports from retained experts due:

      from plaintiff(s)            Reports already completed

      from defendant(s) by         Reports already completed

      from Third Party Defendants  Reports to be completed before August 15, 2021

6.6    Supplementations due        30 days after Third Party Defendants' expert report

6.7    All expert discovery commenced in time to be completed by: Discovery has been concluded, with the exception of Third-Party Defendants' expert reports.

6.8    This case may be appropriate for trial in approximately: As soon as possible after the court's determination on dispositive motions

6.9    Suggested Date for the final Pretrial Conference:

   October 1, 2021     (month/year)

6.10   Trial

   6.10.1  Suggested Date for Trial:

      November 1, 2021    (month/year)

**7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

_____
Name

For Defendants:

Michael Kramer
Title

Senior Claims Adjuster

PO Box 166002, Altamonte Springs, FL 32716-6002
Address

321-441-1436        Daytime Telephone

For Plaintiff:

Trisha Harbin
Name

Owner
Title

104 County Road 157

Riceville, TN 37370
Address

For Third Party Defendants:

 Russell Lund
Name

 Claims Adjuster
Title

  8722 S. Harrison St. Sandy, Utah 84070


Address

## 8.0  Alternative Dispute Resolution ("ADR")

8.1 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure

Date ADR to be commenced
Date ADR to be completed

8.2 If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0    Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. ' 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: X   Y      N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

        \_\_\_\_\_  Scranton/Wilkes-Barre
        X\_\_\_\_   Harrisburg
        \_\_\_\_\_Williamsport

Settlement Conference completed June 4, 2021 without resolution.

**10.0 Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

Plaintiff would agree to withdraw its jury demands so that this matter, which was previously scheduled for trial, can again be timely scheduled and tried.

Third Party Defendants will not agree to waive their right to jury trial.

**11.0   Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk=s Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.  Also please indicate ECF User status below.

Dated: 6/24/21          Phillip D. Berger
                        Attorney(s) for Plaintiff(s)
                    G   ECF User(s)
                    G   Waiver requested (as separate document)
                    G   Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: 6/24/21          Michael S. Saltzman
                        Attorneys(s) for Defendant(s)
                    G   ECF User(s)
                    G   Waiver requested (as separate document)
                    G   Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: 6/24/21          Susan Lawless
                        Attorneys(s) for Third Party Defendants Defendant(s)
                    G   ECF User(s)
                    G   Waiver requested (as separate document)
                    G   Fed.R.Civ.P.7.1 (statement filed if necessary)*

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.